UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| VS. | ) | Case No: 2:13-CR-0043 |
| | ) | |
| BRUCE SEAY | ) | |

## SENTENCING MEMORANDUM

Defendant, **BRUCE SEAY**, by and through counsel, respectfully submits the following:

### I. INTRODUCTION:

Mr. Seay pled guilty to Conspiracy to Distribute More Than Five Grams of Actual Methamphetamine on November 6, 2013. Mr. Seay, of course, faces a statutory maximum sentence of 40 years and he is subject to a minimum term of imprisonment of 5 years. Mr. Seay's advisory guideline range, per his PSR, is 70 to 87 months based upon a total offense level of 25 and a criminal history category of III. Mr. Seay asserts, as specified below, that he should be sentenced to a term of imprisonment of no greater than the bottom of the applicable advisory guideline range.

### II. THE GUIDELINES AND SENTENCING:

Without going into significant detail, this Court must decide what particular sentence is reasonable considering the factors set forth in 18 U.S.C. §3553(a), considering in an **advisory** rather than mandatory manner the applicable guideline range. As this Court knows 18 U.S.C. §3553(a) requires a sentencing court to consider:

    (1) the nature and circumstances of the offense and the history and characteristics of

Page 1 of 6

the defendant;

(2) the need for the sentence imposed-

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for-

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

    ***

(5) any pertinent policy statement-

    ***

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

### III. MR. SEAY'S RELEVANT INFORMATION FOR SENTENCING:

**A. THE GOVERNMENT'S POSITION:**

While the government has not yet filed its Sentencing Memorandum, it is expected that a

Page 2 of 6

Case 2:13-cr-00043-JRG Document 97 Filed 03/12/14 Page 2 of 6 PageID #: 257

Motion for Downward Departure will be forthcoming. It is further expected that the government will recommend a two-level departure for Mr. Seay's cooperation up to this point in time. Without going into significant detail concerning the content of any discussions, Mr. Seay has fully and completely cooperated with the government and he continues to do so. In fact, Mr. Seay has been debriefed multiple times and it is expected that he will be utilized in the future.

Mr. Seay's advisory guideline range will be 57 to 71 months if the government's Motion for Downward Departure is granted by the Court. It is further expected that AUSA Lampe will recommend a sentence of 57 months in this cause.

## B. THE OFFENSE:

Mr. Seay's role in the offense is sufficiently summed up in his PSR and Plea Agreement. Again, Mr. Seay fully admitted to his participation in the methamphetamine distribution scheme.

It should further be noted that Mr. Seay became involved in the conspiracy to feed his own drug addictions including a long-standing addiction to meth (Mr. Seay was a weekly user of meth for about a 12 to 13 year period of time).

It can be said that Mr. Seay facilitated the drug activities of others, including his co-defendants in this cause. Mr. Seay rented cars for travel, he allowed others to utilize his home, and he even drove his co-defendants to the Atlanta area to pick-up product. Again, Mr. Seay was given little monetary reward for his services. To the contrary, Mr. Seay was given access to a supply of meth for personal consumption.

## C. THE "OFFENDER":

1. <u>Prior Criminal Conduct</u>: Mr. Seay, as stated above, falls within criminal history category III. Mr. Seay's criminal history is rather significant; however, most of his history

is directly tied to his personal use of drugs and the lifestyle that went along with it.

2. <u>Drug/Alcohol Abuse</u>: The PSR accurately sets forth Mr. Seay's history of drug abuse. Unfortunately, Mr. Seay has abused meth, marijuana and ecstasy. Mr. Seay also reported prior experimentation with psychedelic mushrooms and acid. Mr. Seay, as the PSR indicates, tested positive for various drugs (including meth and marijuana) at the time of his arrest in this cause.

Mr. Seay has never participated in a drug treatment program. Mr. Seay is obviously an excellent candidate for the BOP's RDAP program if the Court sees fit to make such a recommendation. Mr. Seay, it should be noted, enjoys sobriety- even if it is now coming at the expense of his freedom.

3. <u>The Characteristics of Mr. Seay</u>: A letter from Mr. Seay's father, Jimmy, will be submitted under separate cover. Mr. Seay would also welcome the opportunity to address the Court during his sentencing proceedings.

At the end of the day, Mr. Seay is a decent person who became involved in very bad situation to feed his addictions. Mr. Seay enjoyed a good childhood and his parents were strong role models. Mr. Seay is ashamed of his actions in this case and the impact his actions have had on his father. Fortunately, Mr. Seay's father remains supportive as he has in the past.

4. <u>Personal and Family Data of Mr. Seay</u>: The PSR accurately sets forth Mr. Seay's personal and family history.

5. <u>Mr. Seay's Employment Record</u>: Mr. Seay was a well-known hairdresser in Greeneville prior to his arrest. Although he has had financial problems in the past, Mr.

Seay has always enjoyed working in the cosmetology profession.

6. <u>Physical/Mental Condition</u>: Mr. Seay is HIV positive and suffers from high blood pressure/cholesterol. Mr. Seay is prescribed many different medications, including the 'cocktail' of medications for HIV.

Mr. Seay has remained proactive concerning his medical care. Mr. Seay is required to undergo regular blood tests and physicals in order to effectively treat the HIV. It is also imperative that Mr. Seay have the ability to take all of his medications as prescribed.

**D. MR. SEAY ACCEPTS RESPONSIBILITY**:

Mr. Seay promptly advised AUSA Lampe of his intention to accept responsibility for his actions. Mr. Seay has been debriefed by AUSA Lampe and Agent Tim Davis of the 3rd Judicial District Drug Task Force. Mr. Seay has provided the government with specific and substantial information concerning his co-defendants and many others. It is expected that the government will continue to utilize Mr. Seay's information in furtherance of the prosecution of others.

In the end, Mr. Seay is truly sorry for his actions in this cause and he looks forward to earning back the respect of his father and the Court. Mr. Seay now knows he has the capability of living his life the right way. For the first time in a very long time, Mr. Seay is looking forward to the future.

**IV. A FAIR SENTENCE:**

Mr. Seay faces an advisory guideline range of 70 to 87 months (total offense level 25, criminal history category III). Once again, the government is expected to file a Motion for Downward Departure recommending a two-level departure for Mr. Seay's substantial assistance up to this point in time. In the end, it is submitted that Mr. Seay should face a sentence of no

greater than the bottom of the applicable advisory guideline range.

                        Respectfully Submitted,

                        **BRUCE SEAY**

BY:   /s/David Leonard
        **DAVID L. LEONARD**
        Attorney for Defendant

        Leonard, Kershaw & Hensley, LLP.
        131 South Main St., Suite 102
        Greeneville, TN 37743
        (423)638-2121
        BPR#016792

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Sentencing Memorandum was filed electronically on March 12, 2014. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                        /s/ David L. Leonard
                                        **DAVID L. LEONARD**

Page 6 of 6

Case 2:13-cr-00043-JRG    Document 97    Filed 03/12/14    Page 6 of 6    PageID #: 261