**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | No. 2:13-CR-043-03 |
| v. ) | JUDGE GREER |
| ) | |
| **BRUCE SEAY** ) | |

## SUPPLEMENTAL MOTION FOR RESENTENCING PURSUANT TO AMENDMENTS 782 AND 788 TO THE SENTENCING GUIDELINES

The defendant, Bruce Seay, by and through undersigned counsel, respectfully requests this Honorable Court to resentence him pursuant 18 U.S.C. § 3582(c)(2), USSG § 1B1.10 as amended by Amendment 788 to the United States Sentencing Guidelines (USSG), and Amendment 782 to the USSG. In support of the motion, the defendant would show the following:

1. Mr. Seay was sentenced by the Honorable J. Ronnie Greer on March 26, 2014, to serve 57 months of incarceration for the offense of conspiracy to distribute and possess with intent to distribute 5 grams or more of actual methamphetamine. The offense had a statutorily required mandatory minimum of 60 months. His sentence was based on the controlled substance guidelines in effect prior to November 1, 2014.

2. Amendment 782 to the USSG became effective on November 1, 2014. The effect of the amendment was to lower retroactively the sentencing guidelines for drug offenses by two levels. Amendment 788 to the USSG became effective on November 1, 2014, and made Amendment 782 retroactive. Amendment 780 to the USSG became effective on November 1, 2014, and added a new § 1B1.10(c) which clarifies that if a court had the authority to impose a sentence below the statutorily

required minimum sentence pursuant to a government motion, the amended guideline range shall be determined without regard to the mandatory minimum. Mr. Seay has not received the benefit of these amendments.

3. For sentencing purposes, this Court found that Mr. Seay was to be held accountable for between 20 grams and 35 grams of actual methamphetamine. Mr. Seay's guideline sentence was calculated according to the 2013 United States Sentencing Commission (USSC) Guidelines Manual, USSG § 2D1.1(c) which assigned him a base offense level of 28. After a 3-level reduction for acceptance of responsibility Mr. Seay received a total offense level of 25. With a criminal history category of III, he had an applicable guideline range of 70 to 87 months.

4. The Government moved for a downward departure due to Mr. Seay's substantial assistance. The Court granted the motion and imposed a sentence of 57 months. The 57 month sentence reflects a 19 percent departure from the bottom of the guideline range. Based on that sentence, the Bureau of Prisons currently projects his release date to be September 29, 2016.

5. Mr. Seay is eligible for a reduction of his sentence by retroactive application of USSG Amendment 782 to controlled substance offenses pursuant to 18 U.S.C. § 3582(c) and Policy Statement § 1B1.10. As amended, Mr. Seay's new guideline range is 57 to 71 months, based on a new total offense level of 23 and a criminal history category of III. The USSG, also, authorize "a reduction comparably less than the amended guideline range" to account for the government's previously filed substantial assistance motion which would be a 19 percent reduction. USSG § 1B1.10(b)(2)(B). Mr. Seay requests that the Court impose an amended sentence of 46

months imprisonment for the drug offense, which is a 19 percent reduction from the low end of the amended guideline range.

6. The reduction should entitle Mr. Seay to release on November 1, 2015, and may entitle him to an earlier halfway house placement.

7. Section 3582(c) authorizes the Court to re-calculate Mr. Seay's sentencing range under the amendment and determine an appropriate sentence in accordance with the applicable 18 U.S.C. § 3553(a) factors. The Policy Statement § 1B1.10 provides that courts have discretion in determining whether, and to what extent, to reduce the sentence for any eligible person. Courts may also consider a defendant's conduct while incarcerated. USSG § 1B1.10, comment. (n.1.)

8. As indicated in Mr. Seay's Pro Se Motion to Reduce Sentence (R. 128), while serving his sentence, Mr. Seay has successfully completed the RDAP program. He has also attended vocational programming for commercial driver's training and health & fitness. He has been a regular attendee at chapel services and special programming.

MEMORANDUM

A sentencing court's authority to reopen and, if appropriate, reduce a sentence under § 3582(c)(2) is triggered when the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to" its power to "review and revise . . . the guidelines." This amendment clearly fits within that description. Effective November 1, 2014, the Commission lowered sentencing ranges for drug offenses by two levels. In July, 2014, the Commission voted to make the

amended guideline retroactive with the proviso that no one would be released from prison before November 1, 2015.

Nothing more is needed to trigger the court's authority to revisit a sentence under § 3582(c)(2). However, once the authority to revisit the sentence has been triggered, the court still needs to ensure that the new sentence is consistent with the § 3553(a) factors and the Commission's policy statements. *See* 18 U.S.C. § 3582(c)(2). Based on information presented at sentencing and information currently before the Court, Mr. Seay is a good and proper candidate for the reduction in sentence.

WHEREFORE, based upon the above cited authority, Mr. Seay respectfully requests this Honorable Court to reduce his sentence to 46 months so that he might be released on November 1, 2015.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

By *s/Elizabeth B. Ford*
  Elizabeth B. Ford
  BOPR No. 5041
  Community Defender
  800 S. Gay St, Suite 2400
  Knoxville, Tennessee 37929
  (865) 637-7979

**Certificate of Service**

I HEREBY CERTIFY that on March 10, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                       */sElizabeth B. Ford*
                                                      Elizabeth B. Ford
                                                      Community Defender